UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DESIDERO ANGULO,

v.                                    Case No. 8:03-cr-503-T-24EAJ
                                              8:05-cv-1206-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

        This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate,

set aside, or correct sentence (Doc. cv-1; cr-245); Defendant's motion for leave to proceed

in forma pauperis (Doc. cv-2); and Defendant's motion for post-trial discovery and motion

to hold the 2255 in abeyance until full discovery is completed (Doc. cv-3).

BACKGROUND

        On March 10, 2004, Defendant pled guilty to count two of a two-count Indictment

pursuant to a written plea agreement that contained a waiver of appeal.  The waiver states:

                The defendant understands and acknowledges that defendant's
        sentence will be determined and imposed in conformance with the
        Comprehensive Crime Control Act of 1984 and the federal sentencing
        guidelines.  Defendant is also aware that a sentence imposed under the
        sentencing guidelines does not provide for parole.  Knowing these facts, the
        defendant agrees that this Court has jurisdiction and authority to impose any
        sentence up to the statutory maximum set forth for the offense and pursuant
        to the sentencing guidelines and expressly waives the right to appeal
        defendant's sentence, directly or collaterally, on any ground, except for an
        upward departure by the sentencing judge or a sentence above the statutory
        maximum or a sentence in violation of the law apart from the sentencing
        guidelines; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Plea Agreement, Doc. cr-70, p. 12, ¶ 5).

Count two charged Defendant with conspiracy to possess with intent to distribute five kilograms or more of cocaine, while aboard a vessel subject to the jurisdiction of the United States, to wit, the F/V CANDY I, in violation of 46 U.S.C. Appendix, Sections 1903(a), 1903(g) and 1903(j) and 21 U.S.C. Section 960(b)(1)(B)(ii). (Doc. cr-10; cr-70).

On June 15, 2004, the Court sentenced Defendant to 135 months incarceration. (Doc. cr-143). Count One was dismissed on the Government's motion. Judgment was entered June 15, 2004. (Doc. cr-144).

Defendant did not file a direct appeal. Defendant filed the present section 2255 motion in June 2005. He did not date the motion, but the envelope in which the motion arrived at this Court indicates that the Defendant delivered the motion to vacate to the prison officials for mailing on or before June 24, 2005. Therefore, the motion is timely.

DISCUSSION

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **DENIED**.

Defendant raises two grounds for relief. In Ground One, Defendant claims that his counsel was ineffective because counsel did not object to enhancements in violation of Apprendi, Blakely, Booker/ FanFan, nor preserve the grounds for appeal. In support of this ground, Defendant asks the Court to hold his motion to vacate in abeyance until full discovery is provided. The Court construes Defendant's claim to be an allegation of ineffective assistance of counsel at sentencing for counsel's failure to object to the

2

enhancements.

In Ground Two, Defendant claims that, due to conflict of interest, counsel impeded Defendant's direct appeal by failing to attack the enhancements above "and beyond the quantity stated in the indictment." In support of ground two, Petitioner again asks this Court to hold his motion to vacate in abeyance until full discovery is provided. The Court construes Defendant's claim to be an allegation of ineffective assistance of counsel at sentencing for counsel's failure to attack the enhancements at sentencing.

Motion To Vacate Has No Merit

Defendant's claims have no merit because none of the cases on which Defendant relies (Apprendi, Blakely, and Booker/FanFan) apply retroactively on collateral attack. See Varela v. United States, 400 F.3d 864, 867-868 (11th Cir. 2005).

Furthermore, pursuant to the appeal waiver set out above, the Defendant has waived his right to collaterally attack his sentence.

The United States Magistrate Judge determined, at the plea hearing, that the Defendant voluntarily agreed to the waiver of appeal, and that he understood what the waiver meant. (Doc. cr-166, p. 42). The Judge also found that Defendant was competent, that he made a knowing, intelligent and voluntary decision to plead guilty, and that there was a basis in fact for his plea. (Doc. cr-166, p. 51).

In Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered a plea waiver containing the exact same language as that contained in Defendant's plea waiver. Having considered the language in Williams' plea waiver, the Eleventh Circuit held that a valid sentence-appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in

3

a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."  Williams, 396 F.3d at 1341-1342.

In his section 2255 motion, Defendant Angulo does not allege that his plea was not knowingly and voluntarily entered.  Therefore, his claims fail under the holding in Williams.

Accordingly, the Court orders:

1. That Defendant's motion to vacate (Doc. cv-1; cr-245) is denied.  The Clerk is directed to enter judgment against Defendant in the civil case and to close that case.

2. That Defendant's motion to proceed in forma pauperis (Doc. cv-2) is denied as moot.

3. That Defendant's motion for post-trial discovery and motion to hold 2255 motion in abeyance until full discovery [is complete] (Doc. cv-3) is denied.

ORDERED at Tampa, Florida, on June 29, 2005.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Joseph K. Rudy

Pro Se:  Desidero Angulo